# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MUSSA ALI, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:    13-2030 (RC) |
| | : | |
| v. | : | Re Document Nos.:  85, 88 |
| | : | |
| CARNEGIE INSTITUTION OF | : | |
| WASHINGTON, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

**GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL STATEMENT REGARDING FILING DATE, DENYING PLAINTIFF'S ALTERNATIVE REQUEST TO FILE *NUNC PRO TUNC*, & DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OR LEAVE TO AMEND**

## I. INTRODUCTION

*Pro se* Plaintiff Mussa Ali initiated this matter in September 2012 by filing suit against

the Carnegie Institution of Washington ("Carnegie") in the U.S. District Court for the District of

Oregon.  Mr. Ali alleged that he was erroneously omitted as an inventor on multiple U.S. patents

co-owned by Carnegie and the University of Massachusetts ("UMass"), and he sought to correct

inventorship and to recover more than $100,000 in related damages.  After retaining counsel, Mr.

Ali filed an amended complaint that added UMass as a defendant and that requested a portion of

the proceeds that Defendants had received from the patents in question.  The Oregon court

dismissed UMass from the case on the basis of sovereign immunity, ruled that the court lacked

personal jurisdiction over Carnegie, and transferred the case to this Court.  This Court

subsequently granted Carnegie's motion to dismiss the amended complaint for failure to join a

necessary party: UMass.  Mr. Ali now seeks reconsideration of that dismissal, arguing that

UMass is not a necessary party and that the Court's finding to the contrary relies on the clearly

erroneous assumption that UMass's financial interests would be prejudiced if the case proceeded in its absence.  Alternatively, Mr. Ali seeks leave to amend his complaint in an unspecified manner, perhaps by reinstating the first complaint he filed, which named only Carnegie as a defendant.  For the reasons set forth below, the Court denies Mr. Ali's motion for reconsideration and his request for leave to amend his complaint.

## II.  FACTUAL BACKGROUND

As explained in detail in this Court's prior Memorandum Opinion,[1] Carnegie and UMass co-own five patents relating to methods of inhibiting the expression of a particular gene in a cell through a process called ribonucleic acid interference ("RNAi").  The patents were allegedly issued as a result of the collaboration between Dr. Andrew Fire and Dr. Craig C. Mello, the two lead inventors of the laboratories of Carnegie and UMass, respectively.  *See* Def.'s Mot. Dismiss 4, ECF No. 73-1; Am. Compl. ¶ 19, ECF No. 4.  Mr. Ali alleges that he made a critical contribution to the discovery of RNAi while employed at UMass in Dr. Mello's laboratory, and that he should be named as a co-inventor on the five patents.  *See* Am. Compl. ¶¶ 8–20.

Mr. Ali filed his original complaint in the U.S. District Court for the District of Oregon in September 2012.  *See* Compl., ECF No. 1.  He named only Carnegie as a defendant, sought to correct inventorship pursuant to 35 U.S.C. § 256, and demanded "more than $100,000" in damages for related claims of conversion, unfair competition, unjust enrichment, and fraud under Oregon state law.  After retaining counsel, Mr. Ali filed an amended complaint against both Carnegie and UMass in December 2012.  *See generally* Am. Compl.

---

[1] The Court hereby incorporates by reference its earlier Memorandum Opinion.  *See generally Ali v. Carnegie Inst. of Washington*, No. 13-cv-2030, 2014 WL 4260995, at *1–2 (D.D.C. Aug. 29, 2014).

In his Amended Complaint, Mr. Ali again asserted a claim under § 256 to be named a co-inventor of the patents at issue, and he also asserted two alternative claims for "Legal Damages." In his first claim for legal damages, Mr. Ali states that if he was contractually obligated to assign his rights in the patents to UMass, then he seeks his share of the patent-related proceeds that have been received by UMass and divided between the named UMass inventors. *See* Am. Compl. ¶¶ 28–32. Alternatively, if Mr. Ali was not obligated to assign his rights, then his second claim for legal damages seeks a portion of the proceeds received by both UMass and Carnegie from the sale, license, or transfer of their patent rights. *See* Am. Compl. ¶¶ 33–36.

In May 2013, the District Court of Oregon dismissed UMass from the case for lack of subject-matter jurisdiction, finding that the university was an arm of the state and entitled to sovereign immunity. *See* Op. & Order at 10, ECF No. 41. In the same decision, the court also provided Mr. Ali with leave to amend his complaint to include claims against UMass officials pursuant to *Ex Parte Young*, 209 U.S. 123 (1908), which Mr. Ali had invoked in his motion for jurisdictional discovery. *Id.* at 10 n.3. Mr. Ali chose instead to seek reconsideration of the dismissal and denial of discovery, which the court denied. *See* Op. & Order at 7–12, ECF No. 66. The court also ruled that it lacked personal jurisdiction over Carnegie and *sua sponte* transferred the case to this Court pursuant to 28 U.S.C. § 1406(a). *See id.* at 13–26.

On August 29, 2014, this Court granted Carnegie's motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join UMass, a necessary party. *See generally Ali*, 2014 WL 4260995. The Court explained that UMass was a required party due to its ownership interest in the patents, that it was entitled to sovereign immunity and could not be joined, and that the action could not proceed in equity and good conscience without UMass. *Id.* In response to Mr. Ali's request for leave to file a second amended complaint naming UMass

officials as defendants, the Court observed that such an amendment would not be permitted as to the claims for financial damages, and that it was unclear whether *Ex Parte Young* would permit a plaintiff to sue state officials in their official capacities for correction of inventorship. *Id.* at *7. Nevertheless, the Court gave Mr. Ali until October 1, 2014, to seek leave to amend his complaint to include correction of inventorship claims against UMass officials in their official capacities. Order, Aug. 29, 2014, ECF No. 77. The Court subsequently extended the time for filing such an amendment to November 14, 2014, on Mr. Ali's motion. *See* Order, Sept. 19, 2014, ECF No. 84.

To date, Mr. Ali has not sought leave to amend his complaint to include correction of inventorship claims against UMass officials in their official capacities. Instead, on September 29, 2014, Mr. Ali filed the instant motion for reconsideration or, in the alternative, for leave to amend his complaint, possibly by reinstating his first complaint that named only Carnegie as a defendant. *See generally* Pl.'s Mot. Recons., ECF No. 85.

### III. ANALYSIS

Mr. Ali argues that the Court's determination that UMass was a necessary party was based on a clearly erroneous factual finding that UMass would be financially prejudiced if Mr. Ali prevailed in this matter and was named as a co-inventor. *Id.* at 2–4. He also claims that the Court erred by failing to find that he has no alternative forum in which to have his case heard on the merits. *Id.* at 5–6. Alternatively, if the Court still views UMass as a necessary party, Mr. Ali asks that he be granted leave "to remedy his amend complaint," perhaps by reverting "back to the original complaint in which ONLY Carnegie was named as a defendant." *Id.* at 9–10. Defendants, on the other hand, maintain that Mr. Ali's motion should be denied as untimely under Rule 59(e), that it has no basis in fact or law, and that it improperly seeks reconsideration

of arguments that were previously considered by the Court or that could have been presented previously.  *See generally* Def.'s Opp'n, ECF No. 86.  The Court considers each argument in turn.

## A.  Legal Standards for Reconsideration

The Federal Rules of Civil Procedure provide three avenues for seeking reconsideration of judicial decisions.  The first is Rule 54(b), which permits reconsideration of interlocutory orders.  *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

Relief pursuant to Rule 54(b) is to be provided "as justice requires," and may be warranted when a court has "patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or where a controlling or significant change in the law has occurred."  *U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 893 F. Supp. 2d 258, 268 (D.D.C. 2012) (internal citation, quotation, and alteration omitted); *see also Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004).  "These considerations leave a great deal of room for the court's discretion and, accordingly, the 'as justice requires' standard amounts to determining 'whether [relief upon] reconsideration is necessary under the relevant circumstances.'"  *Lewis v. District of Columbia*, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (quoting Cobell, 224 F.R.D. at 272).  At the same time, a court's discretion under Rule 54(b) is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be

required, nor without good reason permitted, to battle for it again." S*ingh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (citations omitted).

Whereas Rule 54 governs reconsideration of interlocutory orders, Rules 59(e) and 60(b) dictate when a party may obtain reconsideration of a final judgment.  Rule 59(e) permits a party to file a motion to alter or amend a judgment within 28 days of the entry of that judgment.  Fed. R. Civ. P. 59(e).  Such motions are disfavored, are entrusted to the district court's discretion, and "'need not be granted unless the district court finds there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

Rule 60(b), on the other hand, allows a party to seek relief from a final judgment "within a reasonable time" after entry of the judgment, but only for specified reasons.  *See* Fed. R. Civ. P. 60(b).  Such reasons include, among other things, "mistake, inadvertence, surprise, or excusable neglect," *id.* at (60)(b)(1), "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," *id.* at (60)(b)(2), and "any other reason that justifies relief," *id.* at 60(b)(6).  The Rule "was intended to preserve 'the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts.'  It cannot be employed simply to rescue a litigant from strategic choices that later turn out to be improvident." *Smalls v. United States*, 471 F.3d 186, 191 (D.C. Cir. 2006) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)).  Accordingly, reconsideration pursuant to Rule 60 is a remedy that should be sparingly used.  *See Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007).

A motion for reconsideration filed outside the 28-day window provided by Rule 59(e) is typically viewed as a Rule 60(b) motion. *See McMillen v. District of Columbia*, No. 04-cv-2036, 2005 WL 3370820, at *1 n.1 (D.C. Cir. Dec. 13, 2005) (holding that motions for reconsideration filed within Rule 59(e)'s time limit are treated as Rule 59(e) motions, while those filed outside it are treated as motions under Rule 60(b)); *Computer Professionals for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) ("An untimely motion under Rule 59(e) may be considered as a motion under Rule 60(b) if it states grounds for relief under the latter rule.").

Regardless of the Rule pursuant to which reconsideration is sought, "it is well-established that 'motions for reconsideration,' whatever their procedural basis, cannot be used as 'an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) (quoting *SEC v. Bilzerian*, 729 F. Supp. 2d 9, 14 (D.D.C. 2010)); *id.* at 10 n.4 (explaining that the same principle extends to motions under Rule 59(e), 60(b), and 54(b)). Additionally, the party seeking reconsideration bears the burden of establishing that such relief is warranted under the circumstances. *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 226 (D.D.C. 2011) ("The party seeking relief from a judgment bears the burden of demonstrating that it satisfies the prerequisites for such relief."); *Second Chance Body Armor*, 893 F. Supp. 2d at 268; *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

Although Mr. Ali does not specify the Rule pursuant to which he seeks reconsideration, his invocation of "clear error," *see* Pl.'s Mot. Recons. at 2, and his statement that his motion was due within 28 days of the entry of judgment, *see* Pl.'s Mot. for Extension of Time, Sept. 12, 2014, ECF No. 80, suggest that he seeks relief from the Court's order of dismissal under Rule

59(e).  Carnegie has treated the motion as one brought pursuant to Rule 59(e), and it argues that the motion is untimely as it was filed more than 28 days after entry of the Court's order.  *See* Def.'s Opp'n at 4 n.1.  Mr. Ali has not disputed the characterization of his motion as one brought pursuant to Rule 59(e), *see* Pl.'s Reply, ECF No. 87, but he has asked the Court to extend the 28-day deadline or to otherwise excuse his delayed filing as the product of a mailing error, *see* Pl.'s Mot. for Extension of Time; Pl.'s Mot. for Leave to File, Nov. 17, 2014, ECF No. 88.[2]

The Court will neither retroactively extend the time for filing Mr. Ali's motion under Rule 59(e) nor deny it as untimely.  Pursuant to Federal Rule of Civil Procedure 6(b), although courts can extend most filing deadlines for good cause shown, Rule 59(e) motions are an exception for which "[a] court must not extend the time to act . . ."  Fed. R. Civ. P. 6(b)(2); *see also Derrington-Bey v. D.C. Dep't of Corr.*, 39 F.3d 1224, 1225 (D.C. Cir. 1994) ("District courts do not have even the customary discretion given by Fed. R. Civ. P. 6(b) to enlarge the Rule 59(e) period."); *Ctr. for Nuclear Responsibility, Inc. v. U.S. Nuclear Regulatory Comm'n*, 781 F.2d 935, 941 (D.C. Cir. 1986) ("[T]he District Court simply has no power to extend [Rule 59(e)'s] time limitation.").  This Court thus lacks the authority to extend the filing deadline for a Rule 59(e) motion.  But as discussed above, the consequence of untimely filing of a Rule 59(e) motion in this circuit is not denial of reconsideration, but treatment of the motion as one under Rule 60(b).  *See McMillian*, 2005 WL 3370820, at *1 n.1.

---

[2] Mr. Ali's motion for leave to file a supplemental statement regarding the mailing error (ECF No. 88) is hereby granted, but as explained below, the motion's alternative request to file the motion for reconsideration *nunc pro tunc*, apparently so that the motion would comply with Rule 59(e)'s 28-day filing deadline, is denied.  *See Justice v. Town of Cicero*, 682 F.3d 662, 664 (7th Cir. 2012) (holding that a judge may not backdate a late-filed Rule 59(e) motion and that granting leave to file such a motion *nunc pro tunc* is improper).

This Court need not determine under which Rule Mr. Ali's motion was brought or should be considered, however, because as explained below, the Court finds that Mr. Ali's motion should be denied regardless of whether it is treated as a motion for reconsideration pursuant to Rule 54(b), 59(e), or 60(b).[3]  Mr. Ali has not shown an error in the Court's decision to dismiss his complaint for failure to join a necessary party that would warrant reconsideration under any standard.

## B.   The Court's Finding that UMass would be Financially Prejudiced

At the heart of Mr. Ali's motion for reconsideration is his contention that the Court erred by assuming that UMass's financial interests would be prejudiced if this action proceeded in its absence.  *See* Pl.'s Mot. Recons. at 2.  Mr. Ali argues that contrary to the Court's "presupposition that UMass [policy] obligates UMass to pay an additional percentage or amount based on the number of UMass-affiliated co-inventors listed on the patents-in-suit," UMass pays a *set*

---

[3] Although the parties both appear to assume that the Court's August 2014 Order of dismissal constitutes a final judgment, relief from which is governed by Rule 59(e) or 60(b), the issue is not as clear-cut as the parties seem to assume.  "The district court ordinarily enters a final judgment only after it has disposed of all claims against all parties."  *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 221 (D.C. Cir. 2011).  And certainly, the Court's order dismissing Mr. Ali's entire complaint for failure to join a necessary party did dispose of all claims.  But the Order of dismissal also provided a limited period of time in which Mr. Ali could seek leave to amend that had not yet expired at the time that he filed the instant motion for reconsideration, and an order that expressly provides for leave to amend is not generally considered a final judgment.  *See* 19 James W. Moore, Moore's Federal Practice § 201.14 (3d ed.2003) (discussing application of final judgment rule to pretrial orders, and explaining that "an order dismissing the complaint with leave to amend is not [final or] appealable unless the grounds of the dismissal make it clear that no amendment of the complaint could cure the defect in the plaintiff's case"); *see also Ciralsky v. CIA*, 355 F.3d 661, 666 (D.C. Cir. 2004) (distinguishing between a final judgment in the form of a dismissal without prejudice of a case, and a non-final order dismissing a complaint without prejudice and with leave to amend).  Given this ambiguity, and in light of Mr. Ali's *pro se* status, the Court considers the possibility that Mr. Ali's motion may fall under the auspices of Rule 54(b) governing reconsideration of an interlocutory decision, and the Court's analysis will proceed on that basis as well.

percentage of its patent proceeds to the co-inventors, and that percentage is divided equally among the inventors. *Id.* at 3–4. He notes that this factual allegation was contained in paragraph 30 of his complaint, which states that under university policy, "[U]Mass would pay the co-inventors a percentage of all revenue realized by [U]Mass through exploitation of that invention . . . to be shared equally between inventors." Am. Compl. ¶ 30. Mr. Ali has also provided a new exhibit to support his assertion: a heavily redacted e-mail from his former attorney, stating that "under UMass policy the University's share is distributed 30% to the inventors pro rata." May 2014 e-mail, Pl.'s Ex. 1, ECF No. 85. On these fact, Mr. Ali argues, it would make no difference financially to UMass if he were named a co-inventor and the university's proceeds were divided among four inventors instead of three. *See id.* at 2–4.

In opposition, Carnegie argues that Mr. Ali's assertion that UMass would not be affected financially if he were named a co-inventor is contradicted by his own pleadings. Def.'s Opp'n at 4. Additionally, Carnegie contends that Mr. Ali fundamentally misunderstands the Court's decision, which did not depend on potential financial prejudice to UMass, but rather considered such prejudice as one of many factors weighing in favor of finding UMass a necessary party. Def.'s Opp'n at 4–7.

As an initial matter, Rules 54(b), 59(e), and 60(b) would each allow this Court to reconsider a decision premised on factual error. *See Second Chance Body Armor, Inc.*, 893 F. Supp. 2d at 268 (holding that reconsideration under Rule 54(b) may be warranted when a court has "patently misunderstood the parties" or "made an error in failing to consider . . . data"); *Ciralsky*, 355 F.3d at 671 (holding that relief under Rule 59(e) "need not be granted unless the district court finds there is . . . a clear error" of fact or law); *United Bhd. of Carpenters & Joiners of Am. v. Operative Plasterers' & Cement Masons' Int'l Ass'n of U.S. & Canada*, 721 F.3d 678,

690 (D.C. Cir. 2013) (finding that district court did not abuse its discretion in granting reconsideration under Rule 60(b)(1) when its decision "turned . . . on [its] mistaken understanding of the record").  In this instance, however, Mr. Ali has failed to show that the Court's decision was affected by any factual error, clear or otherwise.

First, the e-mail from Mr. Ali's attorney that he has attached to his motion shows that it was received by Mr. Ali months before this Court ruled on Carnegie's motion to dismiss.  *See* May 2014 e-mail, Pl.'s Ex. 1.  The fact that Mr. Ali chose not to provide that document to the Court previously does not mean that it constitutes "new evidence that was not previously available" or "newly discovered evidence" that would support a motion for reconsideration.  *See, e.g., Bain v. MJJ Prods., Inc.*, 751 F.3d 642, 649 (D.C. Cir. 2014) (affirming denial of motion for reconsideration where "newly discovered" evidence was known to plaintiff prior to entry of judgment and plaintiff offered "no justification" for his failure to mention it to the court); *Lans v. Gateway 2000, Inc.*, 110 F. Supp. 2d 1, 5 (D.D.C. 2000) ("[E]vidence in the possession of the party before the judgment was rendered . . . is not newly discovered evidence that affords relief.") (internal quotation marks omitted); *Stewart v. Panetta*, 826 F. Supp. 2d 176, 177 (D.D.C. 2011) (explaining that reconsideration under Rule 54 may be premised on the "discovery of new evidence *not previously available*") (emphasis added).  Nor can the Court's failure to consider evidence not before it constitute error.  More to the point, however, the e-mail provides no new material facts.

The e-mail from Mr. Ali's attorney explains that under UMass policy, a percentage of the university's patent-related income is distributed "to the inventors pro rata."  May 2014 e-mail, Pl.'s Ex. 1.  But in its prior decision, this Court expressly considered—indeed, quoted twice verbatim—Mr. Ali's factual allegation that UMass policy "would pay the co-inventors [who

assigned their rights to the university] a percentage of all revenue realized by UMass through exploitation of that invention . . . to be shared equally between inventors." *See Ali*, 2014 WL 4260995, at *1, *5 (quoting Am. Compl. ¶ 30)).  And while Mr. Ali argues that this fact makes the Court's subsequent finding of financial prejudice to UMass clearly erroneous, his argument rests on a misreading of the Court's analysis.

Mr. Ali contends that if he is found to have assigned his rights, his "*prospective* addition as a co-inventor" would not prejudice UMass financially because the amount the university pays to its inventors is fixed and would not change.  Pl.'s Mot. Recons. at 2–3.  That may well be true. But the Court did not assume that the total percentage paid to co-inventors at UMass would increase simply because another co-inventor may be added to the patent.  Instead, the financial prejudice to UMass that concerned this Court stemmed from Mr. Ali's claim for damages, wherein he seeks not only to be included in future payouts but also to be compensated by UMass for several years of unpaid royalties.  Put another way, the Court's finding of financial prejudice stemmed not from the mathematical operation of UMass policy, but from Mr. Ali's claim for damages premised on the alleged violation of that policy.

As the Court explained, in addition to alleging a right to be recognized as a co-inventor and a contractual right to receive a percent of patent-related revenues, Mr. Ali "also seeks damages from UMass," *Ali*, 2014 WL 4260995, at *3, and he "alleges that he 'is entitled to a portion of all proceeds realized by [U]Mass as a consequence of . . . any and all of the Patents.'" *Id.* at *1 (quoting Am. Compl. ¶ 30).  Far from making a limited request for prospective relief, Mr. Ali asserted entitlement to "a portion of all proceeds realized by [U]Mass," Am. Compl. ¶ 31, or if he did not assign his rights to UMass, "to recover from [U]Mass and Carnegie a portion of the moneys they have secured" from the patents in question, *id.* at ¶ 36.  If the latter, Mr. Ali

12

has acknowledged, "then he will be able to assign or license his right, title, and interest in the patents-in-suit without encumberance from UMass . . . [so] Ali's inventorship stake could thus potentially damage the value of both Carnegie's and UMass'[s] licenses and the licensing income they generate."  Pl.'s Opp'n Mot. to Dismiss at 23, ECF No. 75.  It is thus clear from Mr. Ali's own allegations and arguments that if he were to succeed in this suit, it would prejudice the financial interests of the absent sovereign, UMass.

Undaunted, Mr. Ali suggests that his success in this matter need not harm UMass financially because the Court could fashion relief that would require the other UMass co-inventors to compensate him instead of UMass.  Pl.'s Mot. Recons. at 4–5.  He notes that "it is the UMass-affiliated co-inventors . . . who have been siphoning off Ali's shares of the proceeds," so the Court "could compel the said co-inventors to pay back Ali's share of the proceeds to him," or "fashion a judgment in which Ali would be entitled to a bigger share of the portion of money distributed among the UMass-affiliated co-inventors."  *Id.*  As Carnegie correctly notes, however, Mr. Ali's proposed alternatives would require this Court either to order non-party UMass to restructure its reimbursement contracts so that Mr. Ali could receive a greater share of future payouts, or to order the non-party co-inventors to pay money damages to Mr. Ali.  *See* Def.'s Opp'n at 10–11.  This Court, however, lacks the authority to issue a judgment that would bind a non-party.  *See Taylor v. Sturgell*, 553 U.S. 880, 893 (2008) ("[O]ne is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.") (internal quotation marks omitted); *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110 (1968) ("Of course, since the outsider is not before the court, he cannot be bound by the judgment rendered."); *see also* Charles Alan Wright & Arthur R. Miller, *et al.*, 7 Fed. Prac. & Proc. Civ. § 1608 (3d ed.)

(explaining that under Rule 19(b), courts should attempt to "promote judicial economy by avoiding going forward with actions in which the court may end up rendering hollow or incomplete relief because of the inability to bind persons who could not be joined").

Moreover, even if Mr. Ali's alternative proposals were a viable means of shaping relief to avoid prejudice to UMass, they would nevertheless fail to warrant reconsideration of this Court's judgment because such arguments could have been, but were not, presented to the Court prior to the entry of judgment. *See Kittner v. Gates*, 783 F. Supp. 2d 170, 173 (D.D.C. 2011) (deeming waived an argument that plaintiff could have but did not include "in her briefing on Defendants' Motion to Dismiss," because "a motion for reconsideration may not . . . be used to raise arguments or defenses that could have been advanced during the original proceeding"). When opposing Carnegie's motion to dismiss for failure to join UMass, Mr. Ali addressed each factor under Rule 19(b), including the second factor, which requires a court to consider whether "prejudice could be lessened or avoided by . . . shaping the relief." Fed. R. Civ. P. 19(b)(2). The entirety of Mr. Ali's argument on the subject consisted of a two-sentence assertion that this matter involves no prejudice, so "the second factor carries 'little weight' in balancing the Rule 19(b) factors with respect to Carnegie's Rule 12(b)(7) motion." Pl.'s Opp'n at 28. Far from arguing in favor of the means of shaping relief that he now proposes, Mr. Ali actually argued that the Court should give little attention to the possibility of shaping the requested relief to avoid prejudice.

This strategic choice cannot be undone via a motion for reconsideration. Rule 60(b) does not provide "an opportunity for unsuccessful litigants to take a mulligan." *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007); *Mcmanus v. District of Columbia*, 545 F. Supp. 2d 129, 134 (D.D.C. 2008) ("Although they might have, Plaintiffs did not make this argument in response to

[defendant's] motion for sanctions, and their belated attempt to challenge the Court's grant of sanctions on this ground is therefore improper.  Rule 60(b) may not be relied upon to rescue Plaintiffs from their poor strategic choices.").  And Rules 54 and 59 likewise do not afford reconsideration on the basis of arguments that could have been, but were not, previously presented to the court.  *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, No. CV 11-1623 (RC), 2015 WL 456400, at *8 (D.D.C. Feb. 3, 2015) ("[I]t is well established in this Circuit that motions for reconsideration, whatever their procedural underpinnings, cannot be used as a vehicle for presenting theories or arguments that could have been advanced earlier.") (internal quotation marks omitted); *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F. Supp. 2d 138, 140 (D.D.C. 2003) ("[A] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled, nor is it a vehicle for presenting theories and arguments that could have been advanced earlier.") (internal quotation marks and citations omitted).  In short, Mr. Ali cannot utilize his motion for reconsideration to take a second bite at the proverbial apple, and his new arguments pertaining to the possibility of shaping relief are therefore unavailing.

As a final matter, the Court observes that even if Mr. Ali's claim of factual error had merit, and even if the Court could fashion relief at the financial expense of non-parties, Mr. Ali has still failed to establish a basis for reconsideration of the Court's finding that the case could not proceed without UMass, because financial prejudice to UMass was only one factor in the Court's analysis, and a secondary one at that.  As explained in the prior Memorandum Opinion, UMass faced not only financial prejudice if Mr. Ali prevailed on his assignment-based damages claims, but also potential impairment of its ownership interests in the patents in question if he prevailed solely on his correction of inventorship claim.  *Ali*, 2014 WL 4260995, at *3

(explaining that "UMass is a necessary party because it is a co-owner of the patents, and its interests would be highly prejudiced in its absence, even if the Court could afford partial relief to Plaintiff as to inventorship").  Moreover, the Court repeatedly emphasized that when determining whether the action should proceed without UMass, "sovereign immunity reigns supreme in the analysis."  *Id.* at *4; *see also Republic of Philippines v. Pimentel,* 553 U.S. 851, 867 (2008) (holding that "where sovereign immunity is asserted, and the claims of the sovereign are not frivolous, dismissal of the action *must* be ordered where there is a potential for injury to the interests of the absent sovereign") (emphasis added).  And although the Court detailed the potential financial prejudice to UMass posed by Mr. Ali's claims for damages, it did so in the context of explaining that it would be unfair to force Carnegie to defend this suit alone when, in fact, Mr. Ali's claims derive from his period of employment with UMass, implicate a potential contract with UMass, and do not include allegations that would allow him to recover money damages from Carnegie.  *Id.* at *5.

In other words, it was not only the financial prejudice to an absent sovereign that governed the Court's Rule 19 analysis, but also the likely prejudice to UMass's patent-ownership interests and to Carnegie if it was forced to defend the suit alone despite the fact that "UMass's relationship with Plaintiff is much more central to the case than Carnegie's."  *Id.* (explaining that "it would be highly prejudicial to Carnegie to force it to vigorously defend a suit and pay attorney's fees in a case" where the plaintiff alleged that he was entitled to money damages exclusively from a non-party); *see also* Op. & Order at 6 ("Ali alleges that he has an agreement with UMass, but he does not allege any separate agreement that would entitle him to a financial benefit from Carnegie.  Therefore, if Ali is named a co-inventor of some or all of the patents-in-suit and he is entitled to compensation from UMass, Ali cannot receive that compensation in this

suit unless UMass is a party-defendant."). Mr. Ali's arguments are simply insufficient to disturb this Court's finding that, in light of the many factors bearing on the decision of whether UMass is a necessary party,[4] the case could not in equity and good conscience proceed without UMass.

### C. The Availability of an Alternative Forum

Mr. Ali's final argument in favor of reconsideration asserts that the Court should have rejected Carnegie's position that Mr. Ali had access to an alternative forum in the Massachusetts state courts. While acknowledging that the Court's treatment of the fourth Rule 19(b) factor was "largely neutral," Mr. Ali nevertheless contends that the Court should have rejected Carnegie's alternative forum proposal as unworkable and implausible. Pl.'s Mot. Recons. at 5. Though the precise contours of Mr. Ali's argument are less than clear, it appears that he takes issue with the Court's apparent acceptance of Carnegie's argument that he should be required to go to state court to vindicate his claims when state court judges are incapable of correcting the inventorship of an issued patent. *See id.* at 5–6. If the Court had properly rejected Carnegie's argument and recognized that Mr. Ali had no alternative forum available to him, he reasons, the Court may have found that this case could proceed without UMass.

There are two major flaws in Mr. Ali's argument. First and foremost, his argument that no alternative forum is available to him was fully briefed in his opposition to Carnegie's motion to dismiss, *see* Pl.'s Opp'n at 30–32, and duly considered in this Court's prior Memorandum

---

[4] The decision of whether to proceed without a required party "must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 863 (2008) (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 (1968)). The factors are not rigid, and "the district court has substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations in deciding whether the action should go forward." *Kickapoo Tribe of Indians of Kickapoo Reservation in Kansas v. Babbitt*, 43 F.3d 1491, 1495 (D.C. Cir. 1995).

Opinion, *Ali*, 2014 WL 4260995, at *8. Mr. Ali's argument for reconsideration does nothing more than repeat those same arguments previously considered by the Court, and as such, it provides no basis for reconsideration. *Capitol Sprinkler*, 630 F.3d at 226–27 (district courts act within the scope of their discretion in denying "reconsideration" under Rule 54(b) where the motion raises no arguments not already rejected on the merits); *State of N.Y. v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled."); *Hampton v. Vilsack*, 791 F. Supp. 2d 163, 166 (D.D.C. 2011) (denying reconsideration under 60(b) where "Plaintiff's instant motion merely repeats his prior arguments on this point," because "[a] motion for reconsideration is not simply an opportunity to reargue facts and theories upon which a court has already ruled") (internal quotation marks omitted).

Second, Mr. Ali mischaracterizes the Court's analysis. The Court did not "accept" Carnegie's assertion of an available alternative forum for Mr. Ali's claims. In actuality, the Court said that "[t]here may or may not be an alternative forum for Plaintiff's claims," that the factor was "inconclusive," and that "it is unclear whether he can sue UMass in state court for damages, and/or whether the statute of limitations has run on his state law claims." *Ali*, 2014 WL 4260995, at *8. The Court explained, however, that even if Mr. Ali had no alternative forum and no other remedy available for his claims, that was not enough "to persuade the Court that dismissal was no longer warranted," given "the weighty competing interest of preserving . . . sovereign immunity." *Id.* at *18, *19 n.13. In short, the Court expressly foreclosed the possibility that the lack of an alternative forum would alter the Court's decision that this action could not proceed in equity and good conscience without UMass. There is thus no merit to Mr. Ali's contention that such a finding would have changed the Court's decision.

In sum, Mr. Ali's motion provides no basis for reconsidering the dismissal of his complaint for failure to join a necessary party, and his request for reconsideration is therefore denied.[5]

### D.  Request for Leave to File Second Amended Complaint[6]

In the conclusion section of Mr. Ali's motion for reconsideration, he includes an alternative request for relief in the form of leave "to remedy his amended complaint to address the concern of this Court, for example by re-amending his complaint back to the original complaint in which ONLY Carnegie was named as a defendant."  Pl.'s Mot. Recons. at 9–10.

Typically, leave to amend a complaint "shall be given freely when justice so requires." *See* Fed R. Civ. P. 15(a).  In deciding whether to allow a party to amend a complaint, courts may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

---

[5] Mr. Ali's motion includes a footnote that appears to invoke the possibility of a due process issue under the 14th Amendment.  *See* Pl.'s Mot. Recons. at 3 n.5.  The footnote concludes, however, by observing that for the purpose of this case, "this Court doesn't need to go there and or entertain that possibility."  *Id.*  The Court takes Mr. Ali at his word and declines to address an unnecessary constitutional question, the nature of which is not clearly identified in Mr. Ali's motion.

[6] If this Court's Order of dismissal constitutes a final judgment subject to reconsideration under Rule 59(e) or 60(b), then Mr. Ali's request for leave to amend must be denied outright given that his motion for reconsideration has been denied.  Once a final judgment has been entered, a court cannot permit an amendment unless the plaintiff first satisfies" the "more stringent standard[s]" of Rule 59(e) or Rule 60(b).  *See Ciralsky v. CIA*, 355 F.3d 661, 673 (holding that district court properly concluded that plaintiff's motion to amend his complaint was moot because reconsideration of dismissal without prejudice was not warranted); *see also W. Wood Preservers Inst. v. McHugh*, 292 F.R.D. 145, 147 (D.D.C. 2013) ("It is well established that 'where a district court is presented with a motion for leave to amend following a dismissal, the court considers the motion for leave to amend only after consideration of a party's motion to amend or alter the dismissal.'" (quoting *DeGeorge v. United States*, 521 F.Supp.2d 35, 40–41 (D.D.C. 2007)).  For the purpose of analyzing Mr. Ali's request for leave to amend, the Court thus assumes without deciding that the Court's order of dismissal did not constitute a final judgment and that Mr. Ali's motion for reconsideration was brought pursuant to Rule 54(b).

virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002). Additionally, request for leave to amend may be denied if a plaintiff fails to comply with Local Rule 15.1, which dictates that a motion for leave to amend "shall be accompanied by an original of the proposed pleading as amended." Local Rule 15.1; *see also Johnson v. District of Columbia*, 49 F. Supp. 3d 115, 122 (D.D.C. 2014) (denying leave to amend due to plaintiff's failure to attach her proposed amended complaint); *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006) (affirming denial of oral motion for leave to amend for failure to comply with Rule 15(a) and Local Rule 15.1).

In this case, Mr. Ali's general request for leave to amend in an unspecified manner is insufficient to satisfy the requirements of Rule 15(a). *See U.S. ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1259 (D.C. Cir. 2004) (holding that dismissal of complaint with prejudice was appropriate given plaintiff's "failure to articulate to the district court anything more than a bare request to amend his complaint," and explaining that a request for leave to amend "without any indication of the particular grounds on which amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)"). In addition, his one-sentence request for leave to file a second amended complaint, unaccompanied by any such proposed pleading, fails to comply with Local Rule 15.1. Given that this Court cannot review Mr. Ali's proposed second amended complaint and has no way to assess the merits of his "bare request to amend," and in light of his failure to comply with Rule 15(a) and Local Rule 15.1, his general request for leave to amend must be denied.

Even if this Court were inclined to interpret Mr. Ali's suggestion that he might re-instate his first complaint as a request for leave to do the same, a grant of leave to amend would still be inappropriate.  Mr. Ali has offered no argument whatsoever as to how reinstating the first complaint—which is premised on substantially the same factual allegations and once again would have Carnegie as the sole defendant opposing Mr. Ali's claims to correct inventorship and for related damages—would affect this Court's decision that UMass is a necessary party without which this case must not proceed.  *See Greggs v. Autism Speaks, Inc.*, 987 F. Supp. 2d 51, 54 (D.D.C. 2014) (explaining that a court may deny a motion to amend if such amendment would be futile, for example, if it "merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss" (quoting *Robinson*, 211 F. Supp. 2d at 114)).

Additionally, such an amendment exceeds the limited scope of leave to amend set forth in the Court's Order, which constrained Mr. Ali to seeking leave "to name UMass officials in their official capacities," and instructed him that if he wished to do so, he must "address whether this Court would have personal jurisdiction over these officials."  Order, Aug. 29, 2014, ECF No. 78. Mr. Ali has not argued that this Court's prior grant of leave was too narrow or otherwise explained his disregard for the limitations of the Court's August 2014 Order.  Instead, he has declined to seek leave to amend in the manner permitted by both this Court and by the Oregon District Court, and the deadline for such an amendment has long since come and gone.  *See* Order, Sept. 19, 2014, ECF No. 84 (giving Mr. Ali until November 14, 2014 to seek leave to file a second amended complaint); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing "undue delay" and "repeated failure to cure deficiencies by amendments previously allowed" as reasons for which a court might deny leave to amend).

The Court therefore denies Mr. Ali's request for leave to amend his complaint.

## IV. CONCLUSION

For the foregoing reasons, Mr. Ali's motion for leave to file a supplemental statement regarding the filing date of his motion for reconsideration is **GRANTED**, his alternative request for leave to file *nunc pro tunc* is **DENIED**, and his motion for reconsideration or, in the alternative, to amend his complaint is **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  June 26, 2015                                RUDOLPH CONTRERAS
                                                     United States District Judge